IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-091-RJC-DCK

| CHAD L. HAWLEY, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | ORDER |
| NEUROCRINE BIOSCIENCES, | ) |  |
| Defendant, | ) |  |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Neurocrine Biosciences' Motion To Dismiss" (Document No. 5) and "Plaintiff's Motion For Extension Of Time To Perfect Service" (Document No. 16). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will direct the pending motions be <u>denied</u> as moot and that Plaintiff's alternative request for leave to file an Amended Complaint be <u>allowed</u>.

## BACKGROUND

Plaintiff Chad Hawley ("Plaintiff" or "Hawley"), appearing *pro se*, initiated this action with the filing of a form "Complaint For Employment Discrimination" (Document No. 1) against prospective employer Neurocrine Biosciences ("Defendant") on February 16, 2023. The Complaint alleges discriminatory conduct due to a "failure to hire" based on Plaintiff's religion and disability or perceived disability, specified as "Medical Exemption." (Document No. 1, p. 4). The Complaint indicates that Plaintiff received a Notice of Right to Sue letter on February 8, 2023,

but does not appear to attach a copy of that document as directed by the form. (Document No. 1, p. 5).

"Defendant Neurocrine Bioscience's Motion To Dismiss Plaintiff's Complaint" (Document No. 5) and "Memorandum In Support…" (Document No. 6) were filed on June 5, 2023. Defendant seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(4), (5), and (6). (Document Nos. 5 and 6). Defendant contends that Plaintiff failed to properly serve a valid Summons and Complaint; moreover, Defendant contends that Plaintiff failed to exhaust his administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination under the Americans with Disabilities Act of 1990 ("ADA"). Id.

Adam C. Draper filed an "Appearance Of Counsel" (Document No. 8) for Plaintiff on June 18, 2023. "Plaintiff's Response To Defendant's Motion To Dismiss" (Document No. 14) and "Memorandum In Opposition…" (Document No. 15) were filed on July 25, 2023. Plaintiff also filed a "…Motion For Extension Of Time To Perfect Service" (Document No. 16) on July 25, 2023.

Plaintiff's response acknowledges that "he failed to serve a copy of the Complaint with the Summons, and the Summons was not served on someone legally designated to accept service of process." (Document No. 15, p. 3); see also (Document No. 14). Plaintiff further acknowledges that "the number of claims for which the EEOC issued its Right to Sue letter is unclear" and that "it is true that an ADA claim is not specifically referenced in Plaintiff's Complaint or the attached correspondence (his charge)." (Document No. 15, pp. 6-7). Plaintiff then argues that his charge "can be construed to have grown into an ADA claim against Defendant for disability discrimination." (Document No. 15, p. 7).

Apparently recognizing several deficiencies with the existing Complaint, and noting that Plaintiff "was acting *pro se* when he filed the Complaint," Plaintiff requests that "at the very least he should be given an opportunity to amend his Complaint." (Document No. 15, pp. 5, 8); see also (Document No. 14, p. 2) ("Plaintiff should be allowed to amend his Complaint rather than having his ADA claim dismissed").

"Defendant Neurocrine Biosciences' Reply…" (Document No. 19) was filed August 8, 2023. In reply, Defendant argues that "[n]othing in Plaintiff's EEOC Charge plausibly supports that a disability discrimination claim is reasonably related to Plaintiff's claims before [the] EEOC or that discovery of disability discrimination would have developed through the EEOC's investigation." (Document No. 19, pp. 1-2). In addition, "Defendant acknowledges the Court's discretion when considering technical service and process violations." (Document No. 19, p. 7).

Regarding "Plaintiff's Motion For Extension Of Time To Perfect Service" (Document No. 16), "Defendant does not consent to Plaintiff's Motion but does not formally object to the same." (Document No. 20).

The pending motions are ripe for review and disposition.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v.

Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001));  see also, Foman v. Davis, 371 U.S. 178, 182 (1962).  However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

**DISCUSSION**

Although it is unclear why Plaintiff did not file a motion to amend the Complaint pursuant to Fed.R.Civ.P. 15, especially once represented by counsel, the undersigned finds that it is in the best interests of justice and judicial economy to allow Plaintiff's alternative request to amend. Based on undisputed deficiencies with service of process, along with compelling arguments raised by Defendant regarding appropriate claims in this action, it appears that reaching a decision on the merits of this action will be best accomplished if Plaintiff is allowed to file an Amended Complaint.

Plaintiff is respectfully advised to carefully consider Defendant's arguments when preparing an Amended Complaint.  An Amended Complaint should attach relevant EEOC documents, including a Charge Of Discrimination and Notice Of Right To Sue.  In addition, counsel for the parties are encouraged to confer regarding a possible resolution without the need for an Amended Complaint or further Court intervention.

In short, based on the parties' arguments, the undersigned will allow Plaintiff to file an Amended Complaint which supersedes the original Complaint.  In anticipation of the Amended Complaint, the undersigned will direct that "Defendant Neurocrine Biosciences' Motion To Dismiss" (Document No. 5) and "Plaintiff's Motion For Extension Of Time To Perfect Service" (Document No. 16) be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot.  Young v. City of Mount

Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

To the extent Defendant contends the Amended Complaint is deficient, this Order is without prejudice to Defendant filing a renewed motion to dismiss the Amended Complaint.

**CONCLUSION**

**IT IS, THEREFORE, ORDERED** that Plaintiff Chad Hawley shall file an Amended Complaint on or before **March 15, 2024**. In the alternative, Plaintiff may file a Notice Of Settlement or Stipulation Of Dismissal.

**IT IS FURTHER ORDERED** that "Defendant Neurocrine Biosciences' Motion To Dismiss" (Document No. 5) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that and "Plaintiff's Motion For Extension Of Time To Perfect Service" (Document No. 16) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: February 27, 2024

David C. Keesler
United States Magistrate Judge