IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-091-UJ1-DCK

| CHAD L. HAWLEY, | ) | |
|---|---|---|
| Plaintiff, | ) | MEMORANDUM AND |
| | ) | RECOMMENDATION |
| v. | ) | |
| | ) | |
| NEUROCRINE BIOSCIENCES INC., | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Neurocrine Biosciences, Inc.'s Partial Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 25). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## I. BACKGROUND

Plaintiff Chad Hawley ("Plaintiff" or "Hawley") initiated this action without counsel by filing a form "Complaint For Employment Discrimination" (Document No. 1) against prospective employer Neurocrine Biosciences ("Defendant") on February 16, 2023. Adam C. Draper filed an "Appearance Of Counsel" (Document No. 8) for Plaintiff on June 15, 2023. On March 15, 2024, Plaintiff, through counsel, filed an "Amended Complaint" (Document No. 22) against Defendant.

The Amended Complaint alleges (1) failure to provide religious accommodation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) violation of the Americans With Disabilities Act ("ADA"); and (3) wrongful refusal to hire in violation of North Carolina public policy. (Document No. 22, pp. 8–13). The Amended Complaint alleges in relevant part

that "Defendant discriminated against Plaintiff in violation of the ADA when it refused to hire him as a sales person because of his disability." (Document No. 22, p. 1). On May 17, 2024, Plaintiff filed a "Voluntary Dismissal Of State Cause Of Action" (Document No. 24), voluntarily dismissing without prejudice his third cause of action for wrongful refusal to hire in violation of North Carolina public policy.

Defendant is "an American biopharmaceutical company." (Document No. 22, p. 4). In April 2022, Plaintiff interviewed for a sales position available with Defendant. Id. at pp. 4–5. Over the course of the interview process, Plaintiff was informed of Defendant's mandatory vaccination policy requiring employees to receive the COVID-19 vaccine. Id. at p. 5. Plaintiff informed Defendant "that he had not taken the vaccine due to sincerely held religious objections to doing so." Id. On April 8, 2022, "Plaintiff sent an email to Defendant's Chief Legal Officer, Darin Lippoldt, in which he requested 'both a medical and religious exemption' to taking the COVID-19 vaccine." Id. "To establish the basis for his 'medical exemption' request…, Plaintiff attached opinions from two of his healthcare providers, who both indicated that Plaintiff's medical history included having survived cancer (among other things), and that taking the COVID-19 vaccine would pose a risk to his health." Id. at p. 7. Plaintiff attaches this correspondence to the Amended Complaint. (Document No. 22-3).

On May 6, 2022, Plaintiff was informed "that he had not been selected to fill the position for which he had interviewed." Id. That evening, Defendant's Hiring Manager Micalene Greenly ("Greenly") "told Plaintiff that she was disappointed in how he had been treated by Defendant, and that he had not been hired because he had objected to being vaccinated." Id. at pp. 4, 7. Plaintiff thus alleges that "Defendant refused to hire him because he expressed opposition to taking the COVID-19 vaccine based upon his sincerely held religious beliefs, because he requested

2

accommodation, and/or because of his disability[,] and Defendant refused to reasonably accommodate Plaintiff's religious beliefs and his disability." Id. at p. 8.

The Amended Complaint asserts that Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") "alleging violations of Title VII by Defendant as well as allegations of Defendant's violations of the ADA." Id. at p. 3. The Amended Complaint further asserts that Plaintiff, "through former counsel, set forth his charge in correspondence to the EEOC [on] July 27, 2022." Id. Plaintiff attaches this July 27, 2022 correspondence ("EEOC Letter") to the Amended Complaint. (Document No. 22-1).

The EEOC Letter asserts, *inter alia*, that Neurocrine's actions constitute "religious discrimination…in violation of Title 7 of the Civil Rights Act of 1964." Id. at p. 7. The EEOC Letter requests "an immediate and expedient investigation by the EEOC against the employer on these charges," or, "[i]n the alternative, if the EEOC does not have time, based upon a continued and current COVID backlog or for other reasons, to immediately investigate these matters, [the issuance of] an immediate right-to-sue letter." Id. at p. 7. The EEOC issued Plaintiff a Right To Sue letter on February 8, 2023. (Document No. 22, p. 3). Plaintiff attaches this Right To Sue letter to the Amended Complaint. (Document No. 22-2).

"Defendant Neurocrine Biosciences, Inc.'s Partial Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 25) was filed on May 28, 2024. On June 17, 2024, Plaintiff filed "Plaintiff's Response To Defendant Neurocrine [Biosciences], Inc.'s Partial Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 33), as well as what appear to be duplicate copies of a "Memorandum In Support Of Plaintiff's Response To Defendant Neurocrine [Biosciences], Inc.'s Partial Motion To Dismiss Plaintiff's Amended Complaint" (Document Nos. 31, 32).

3

"Defendant Neurocrine Biosciences, Inc.'s Reply To Partial Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 34) was filed on June 24, 2024.

The pending motion has been fully briefed and is ripe for review and a recommended disposition to the presiding District Judge.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (quoting Twombly, 550 U.S. at 555–56).

4

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendant argues that "Plaintiff failed to file a charge of discrimination with the [EEOC] alleging disability discrimination under [the] ADA within the time period for doing so, and thus failed to exhaust his mandatory administrative remedies before filing a federal lawsuit." (Document No. 25). Accordingly, Defendant argues, "Plaintiff's second cause of action for disability discrimination under the ADA should be dismissed with prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted." Id.

Defendant contends that "[i]n this case, while Plaintiff did file an EEOC Charge on or about July 27, 2022, it was limited to allegations of religious discrimination under Title VII." (Document No. 26, p. 4). Defendant contends "Plaintiff's EEOC Charge does not include any claim that he was not hired because of a disability in violation of the ADA. And, a disability discrimination claim is not reasonably related to nor could one have reasonably developed out of Plaintiff's EEOC Charge." Id. at pp. 4–5. Rather, Defendant argues, "Plaintiff's EEOC Charge is *solely* rooted in allegations of religious discrimination." Id.

Plaintiff responds that he "attached his charge to the EEOC…to his Amended Complaint; and in that charge he raised allegations to the EEOC that he had not been hired because he had requested both a religious and medical exemption from taking the vaccine." (Document No. 31, p. 4). Plaintiff argues he "specifically references asserting a medical exemption to receiving the

5

vaccine several times in his EEOC charge." Id. at p. 5. Plaintiff contends that although he "did not specifically allege disability discrimination in violation of the ADA in his charge, he presented allegations of acts amounting to disability discrimination, which is what is crucial." Id. at p. 7. Ultimately, Plaintiff contends, "although his ADA claim was specifically brought for the first time in his Amended Complaint, his ADA claim is reasonably related to allegations contained in his EEOC charge, and they could have reasonably developed from the EEOC's investigation of Plaintiff's original charge." Id. at p. 8.

Defendant replies that Plaintiff admits throughout his Response that "his EEOC Charge *only* refers to allegations of religious discrimination under Title VII…and *does not* include allegations of disability discrimination under the ADA." (Document No. 34, pp. 1–2). Defendant contends "Plaintiff's brief mention that he submitted a medical exemption…is not sufficient to show that his ADA claim is reasonably related to or could have reasonably developed out of his religious discrimination EEOC Charge." Id. at p. 3.

The undersigned finds Defendant's arguments persuasive. The ADA incorporates Title VII's enforcement procedures including "the requirement that a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court." Sydnor v. Fairfax Cnty., Va., 681 F.3d 591, 593 (4th Cir. 2012). "[C]ourts regularly dismiss Title VII claims under 12(b)(6) when a plaintiff fails to exhaust administrative remedies before filing suit." Seme v. Autumn Care of Statesville, 5:23-CV-152-KDB, 2024 WL 1920322, at *3 (W.D.N.C. Apr. 12, 2024). "The goals of providing notice and an opportunity for an agency response would be undermined…if a plaintiff could raise claims in litigation that did not appear in his EEOC charge." Sydnor, 681 F.3d at 593. The scope of a plaintiff's right to file a federal lawsuit is therefore determined by the contents of the EEOC charge. Id.

While "EEOC charges often are not completed by lawyers and as such 'must be construed with utmost liberality,'" district courts "are not at liberty to read into administrative charges allegations they do not contain." Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 408 (4th Cir. 2013) (quoting Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll., 848 F.2d 457, 460 (4th Cir. 1988)). Courts have found insufficient exhaustion of administrative remedies "where a charge alleges only racial discrimination but the complaint includes sex discrimination, …or where a charge alleges only retaliation but the complaint alleges racial discrimination as well." Sydnor, 681 F.3d at 593–94 (citing Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132–33 (4th Cir. 2002); Jones v. Calvert Grp., Ltd., 551 F.3d 297, 301 (4th Cir. 2009)).

Here, Plaintiff alleges that he filed a charge with the EEOC, although he does not provide the usual formal charging documents to the Court. Rather, Plaintiff provides his July 27, 2022 correspondence to the EEOC, submitted "through former counsel," in which he requested an expedited issuance of a Right To Sue letter based specifically on claims of religious discrimination in violation of Title VII. (Document No. 22, p. 3); (Document No. 22-1, p. 2).

This EEOC Letter, in several instances, and very clearly, asserts only a charge of illegal religious discrimination in violation of Title VII. (Document No. 22-1). The EEOC Letter asserts that "Mr. Hawley was offered a job by Neurocrine but subsequently had the offer pulled because of his vaccination status, for which he has a religious exemption," and "[t]he employer's decision to withdraw the offer, without even offering reasonable accommodations for Mr. Hawley's religious beliefs, constitutes illegal religious discrimination in the employment process." (Document No. 22-1, p. 1). The EEOC Letter asserts that, after Plaintiff was not hired, he notified Defendant that he had "retained counsel and contacted the EEOC for religious discrimination

based upon the vaccination issue and Neurocrine's refusal to honor or even acknowledge his religious exemption." Id. at p. 6.

The undersigned acknowledges Defendant's argument that Dean v. Acts Retirement Life Communities, 2024 WL 964218 (D. Md. Mar. 6, 2024), is persuasive here. (Document No. 34, pp. 2–3). The court in Dean dismissed the plaintiff's ADA claim despite the mention of a medical exemption request in her EEOC charge, stating that the EEOC charge "identified only religion as the basis for the alleged discrimination" and that "no reasonable reading of the charge would put the EEOC or [employer] on notice" that the plaintiff might bring the ADA claim. Dean, 2024 WL 964218, at *3–4. In the instant case, the EEOC Letter similarly mentions Plaintiff's medical exemption request, but contains no reference to disability or an ADA claim—in sharp contrast to the repeated and straightforward assertions of religious discrimination in violation of Title VII. (Document No. 22-1).

The undersigned is thus persuaded that Plaintiff has not alleged exhaustion of administrative remedies for his ADA claim.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Neurocrine Biosciences, Inc.'s Partial Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 25) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service

of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: March 4, 2025

David C. Keesler
United States Magistrate Judge